[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has objected to an execution and has requested a modification of a stipulated judgment. The facts are not in dispute: the parties entered into a stipulated judgment on July 30, 1996; the stipulation was approved by Judge DiPentima. By the terms of the stipulation, the defendants[1] agreed to pay use and occupancy payments in the amount of $205.00 by August 10 and September 10, 1996; these payments apparently were made. They further agreed to pay the total arrearage of $740.00 by no later than October 1, 1996, and agreed to keep all utilities which were necessary for "sanitary and habitability reasons" in service. There were further provisions not applicable here. It was expressly noted in the stipulation that if the conditions were not met, the plaintiff landlord may apply for execution of the judgment.
The defendants paid the use and occupancy, but were not able to pay the $740.00 arrearage by October 1. On October 4, 1996, the plaintiff filed an affidavit of noncompliance and sought an execution; on October 3, the defendants filed an objection to the execution, in which they alleged that the defendant Wimer had not received anticipated child support. She stated in the objection that she had tendered $400.00 of the arrears on October 1: but, as the amount required in the stipulation was $740.00, the tender apparently was refused.
A hearing was held on October 15, 1996. The facts noted above were brought out at the hearing; the defendants also stated that they were offering $735.00 at the time of the hearing. This would still leave a net arrearage of $210.00, as October's rent (or use and occupancy) would now be due. The defendants also agreed that they were having difficulty keeping current with the utilities; the defendant Wimer admitted that her receipt of child support payments has not been very regular. The defendant Cloukey indicated that he is self-employed; it is not clear to what extent he contributes to the resolution of the financial struggle.
The determination of the modification of a stipulated judgment is essentially equitable. See, e.g., Fellows v. Martin,217 Conn. 57, 63 n. 9 (1991); East Hartford Housing Authority v.Parker, H-976, No. SPH-9111-63027. This is not a case in which the equities tilt dramatically toward either side. Factors favoring the defendants include their tender of a significant portion of the arrearage on time, the tender of almost all of the arrearage at the time of the hearing, and the hardship which would result from losing subsidized housing. Factors against CT Page 6156 modification include the fact that a substantial amount of the arrearage was not tendered, the distinct possibility that the financial bind may be more than temporary, and the fact that there is a waiting list for subsidized housing in Enfield, so that favoring the defendants in this case may inure to the disadvantage of someone else.
While the decision is very close, I will modify the stipulated judgment as follows. Use and occupancy in the amount of $205.00 for October must be paid on or before October 31, 1996, if it has not already been paid. The total arrearage in the amount of $740.00 must be paid in full by no later than November 5, 1996. All other provisions of the previous stipulation remain in effect, including the provision as to utilities. If there are any violations, the execution may issue.
Beach, J.